**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEFFREY E. HOFFMAN; H&B
PROPERTIES, LLC; J. EDWARDS
INVESTMENT GROUP, INC.; NORCAL
FINANCIAL, INC.,
                    *Appellants,*

            v.

THOMAS R. LLOYD; EDWARD L.
BLUM,
                    *Appellees.*

No. 08-15814

D.C. No.
3:06-CV-02416-
MHP

JEFFREY E. HOFFMAN; H&B
PROPERTIES, LLC; J. EDWARDS
INVESTMENT GROUP, INC.; NORCAL
FINANCIAL, INC.,
                    *Appellants,*

            v.

THOMAS R. LLOYD; EDWARD L.
BLUM,
                    *Appellees.*

No. 08-15883

D.C. No.
3:07-CV-02417-
MHP

OPINION

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted
May 15, 2009—San Francisco, California

Filed July 20, 2009

9269

Before: Mary M. Schroeder and Dorothy W. Nelson,
Circuit Judges, and Consuelo B. Marshall*, District Judge.

Opinion by Judge Schroeder

---

*The Honorable Consuelo B. Marshall, Senior United States District
Judge for the Central District of California, sitting by designation.

## COUNSEL

Jeffrey Goodrich, San Francisco, California, for the appellees.

Dennis Davis, San Francisco, California, for the appellants.

## OPINION

SCHROEDER, Circuit Judge:

Jeffrey E. Hoffman and related plaintiff-creditors challenged Chapter 11 debtor Thomas R. Lloyd's exercise of his

right to rescind the sale of his foreclosed home under California's Home Equity Sales Contract Act, known as "HESCA." *See* Cal. Civ. Code § 1695, et seq. The district court affirmed the bankruptcy court's summary judgment in favor of the debtor, Lloyd, because Hoffman never provided Lloyd with notice of his HESCA rights, as required by California law. The district court ruled that a general release Lloyd signed during the course of settling an unlawful detainer action by Hoffman against Lloyd did not relinquish Lloyd's HESCA rights, because Lloyd, at the time of the settlement, had no notice or knowledge of such rights. The underlying facts are more fully set forth in the bankruptcy court's opinion, which is published at *Hoffman v. Lloyd (In re Thomas Lloyd)*, 369 B.R. 549 (Bankr. N.D. Cal. 2007).

Lloyd owned and resided in a single-family home in San Francisco, California. In May 2003, he was in default on his mortgage payments. That month, seeking relief, Lloyd entered into a sale and lease-back transaction with Hoffman whereby Hoffman purchased Lloyd's residence and, contemporaneously, leased the property back to Lloyd. Additionally, Hoffman gave Lloyd an option permitting Lloyd to re-purchase the property during a two-year period.

Because Lloyd's home was in foreclosure at the time of the transaction, HESCA, a California homeowner protection statute, applied. *See* Cal. Civ. Code § 1695 et seq. HESCA provides protection to homeowners whose property is in foreclosure. Its stated purpose is to "provide each homeowner with information necessary to make an informed and intelligent decision regarding the sale of his or her home to an equity purchaser." Cal. Civ. Code § 1695(d)(1). To effectuate its purpose, HESCA obligates a buyer of property that is in foreclosure to provide to the seller, among other things, notice of the seller's right to rescind the sale contract. *Id.* §§ 1695.4-1695.5(d). Until a buyer complies with this obligation, the seller may cancel the sale contract. *Id.* § 1695.5(d). Evidencing a strong desire for adherence to HESCA's protections, the

California legislature provided that "[a]ny waiver of the provisions of [HESCA] shall be void and unenforceable as contrary to the public policy." *Id.* § 1695.10. The sale contract between Lloyd and Hoffman for the sale of Lloyd's foreclosed property did not comply with HESCA, because it failed to give Lloyd notice of his right to rescind. Lloyd executed a grant deed and Hoffman paid the purchase price.

When Lloyd subsequently defaulted on the lease payments, Hoffman filed an unlawful detainer action on June 2, 2004. Before trial on the unlawful detainer action, Hoffman and Lloyd, both represented by counsel, entered into a written "Settlement and Mutual Release Agreement" (the "Settlement Agreement"). This agreement contained a general release of all known and unknown claims and expressly waived the protections of California Civil Code § 1542:

> In consideration of the foregoing, . . . LLOYD, H & B, HOFFMAN, and J. EDWARDS hereby mutually release and forever discharge each other . . . claims of every kind and nature whatsoever, whether known or unknown, . . . arising from the [unlawful detainer action] or arising from or related to the Property, the purchase by [Hoffman], the Lease, the Option or the Repurchase Agreement, . . .

> . . . LLOYD, H & B, HOFFMAN, and J. EDWARDS, and each of them, expressly waive the provisions of California Civil Code Section 1542[,] which provides as follows:

>> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Settlement Agreement did not expressly refer to any rights provided by HESCA, or to the existence of any claims under HESCA.

Four months later, on October 18, 2004, after filing a Chapter 11 bankruptcy petition, Lloyd recorded a document entitled "Notice of Rescission of Grant Deed Recorded Pursuant to Home Equity Sales Contract" ("Notice of Rescission") pursuant to California Civil Code § 1695.14. In this document, Lloyd asserted his right under HESCA to rescind the sale of his residence. Hoffman then filed a state court suit seeking cancellation of the Notice of Rescission; Lloyd answered and asserted a cross-complaint against Hoffman seeking an accounting, quieting of title, and other relief. The issues were subsequently litigated in Lloyd's bankruptcy proceeding.

The bankruptcy court proceedings focused on the issue of whether the Settlement Agreement, which included a general release and waiver of California Civil Code § 1542, relinquished Lloyd's right to rescind the sale under HESCA. Analogizing from California case law requiring waivers to be knowing and intelligent, the bankruptcy court concluded that settlements and releases of HESCA rights must also be knowing and intelligent. *Lloyd*, 369 B.R. at 554 n. 3. The court then conducted an evidentiary hearing and found as a matter of fact that Lloyd was unaware of his rights under HESCA at the time he signed the Settlement Agreement. *Id.* at 554. Accordingly, the bankruptcy court found that because Lloyd was unaware of his rights, the Settlement Agreement did not relinquish Lloyd's HESCA claims, including his right to rescind the original sale of the property. *Id.*

Following the evidentiary hearing, the bankruptcy court granted summary judgment in favor of Lloyd, finding that Hoffman had not complied with HESCA and, therefore, Lloyd's right to cancel the contract never expired. *Id.* at 554-55. The bankruptcy court accordingly concluded the Notice of

Rescission was timely and effective to cancel the original sale contract.

The district court reached the same conclusion as the bankruptcy court, but reasoned more directly. Under its view, no evidentiary hearing was required, because the sale did not comply with HESCA, the Settlement Agreement did not expressly release HESCA rights, and, further, the buyer did not come forward with any evidence suggesting the seller actually knew of his HESCA rights at the time of signing the Settlement Agreement.

**[1]** The district court looked to California law on the enforceability of comprehensive releases of both known and unknown claims in the context of settlement agreements. Relying on *Winet v. Price*, 6 Cal. Rptr. 2d 554, 562 (Cal. Ct. App. 1992), the district judge observed that California courts will seek to avoid literal enforcement of a general release that purports to extinguish unknown and non-matured claims where there are countervailing concerns. Such concerns include whether there were unequal bargaining positions between the parties, whether there were factors that made it doubtful that the release's terms were actually understood, or whether the enforcement of such releases would otherwise be inequitable. *See Winet*, 6 Cal. Rptr. 2d at 562.

**[2]** District Judge Patel then concluded that where, as here, an equity purchaser fails to provide a sale contract that complied with the requirements of HESCA, the right to rescind is not extinguished and survives even after the execution of a broad release of all known and unknown claims. Judge Patel said, "[i]n such instances, the court will require evidence that the equity purchaser has notified the equity seller of his right to rescind, and that the seller has actual understanding of the rights he relinquishes under the release." If the language of the release does not state that HESCA was complied with, and that the seller therefore did not know of the seller's HESCA rights, then the buyer must come forward with evidence that

the seller's HESCA rights were explained and the seller understood these rights. Because the buyer could not satisfy that burden, the Settlement Agreement did not extinguish Lloyd's HESCA rights.

We agree with the district court's analysis, to reach the same result as the bankruptcy court. Any contrary result would undermine HESCA by permitting a purchaser to defeat the seller's right to rescind by first executing a sale contract without the required notices, and then executing a release purporting to extinguish any known and unknown claims. As Judge Patel recognized, "[t]his kind of backdoor loophole is inequitable and frustrates the purposes of HESCA."

AFFIRMED.