**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: ROBERT A. FERRANTE, | No. 23-55005 |
| Debtor, | D.C. No. 8:22-cv-01087-MWF |
| ------------------------------ | |
| NANCY KLEIN, Trustee of the Seay Intervivos Trust, | MEMORANDUM* |
| Appellant, | |
| v. | |
| THOMAS H. CASEY, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 4, 2023**
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and BENCIVENGO,***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

District Judge.

Nancy Klein Seay ("Klein"), successor in interest to Decedent William L. Seay's judgment lien against Debtor Robert A. Ferrante, appeals the district court's affirmance of the bankruptcy court's dismissal of her Second Amended Complaint ("SAC") seeking rescission of the 2014 "carve out" agreement between Decedent and Trustee (the "Agreement"). We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.

We "independently review the bankruptcy court's decision and do not give deference to the district court's determinations." *Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1172 (9th Cir. 2003). A bankruptcy court's Rule 12(b)(6) dismissal of an adversary proceeding for failure to state a claim is reviewed *de novo*. *Rund v. Bank of Am., N.A. (In re EPD Inv. Co., LLC)*, 523 B.R. 680, 684 (B.A.P. 9th Cir. 2015). We affirm.

1.      The bankruptcy court did not err by declining to convert the motion to dismiss into a motion for summary judgment. Typically, when a court takes judicial notice of facts, the motion to dismiss "shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b)(6) advisory committee's note. There are, however, two exceptions to this rule. First, "a court may consider material which is properly

---

***      The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

submitted as part of the complaint on a motion to dismiss." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). These documents can be considered even if they are "not physically attached to the complaint" so long as their "authenticity is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (citation and internal quotation marks omitted). Second, a court may take judicial notice of matters of public record. *Id.* at 689.

The documents at issue fall under both exceptions. The documents were a matter of public record, and they were submitted to the bankruptcy court in support of the Agreement. Klein also relied on these documents in her SAC and does not contest their authenticity.

2.      We affirm the grant of the motion to dismiss. To survive a motion to dismiss, a complaint must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The SAC did not allege facts sufficient to state a claim for rescission of the contract, money had and received, or declaratory judgment.

Klein supports her rescission claim with five arguments: (1) duress, menace, or undue influence; (2) fraud; (3) failure of consideration; (4) mistake of material fact and law; and (5) public policy. First, Klein is judicially estopped from claiming that the Agreement resulted from duress, menace, or undue influence. Klein's

current position contradicts the position taken in bankruptcy court, when Decedent sought to have the Agreement approved. In bankruptcy court, Decedent's counsel represented that negotiations were heated, but that the Agreement was ultimately "fair to all parties," and the bankruptcy court relied on those representations. *See New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001). Second, Klein failed to plead her fraud allegations with sufficient particularity. *See* Fed. R. Civ. P. 9(b). While Klein generally alleges misrepresentations by Trustee, she does not specify any particular false statements. Third, Klein's failure of consideration argument also fails. To succeed, she would need to show that consideration either failed in a "material respect . . . before it is rendered," or that it failed due to the "fault of the party not rescinding or parties not equally at fault." *Koenig v. Warner Unified Sch. Dist.*, 41 Cal. App. 5th 43, 59 (2019) (simplified). Here, Trustee's abandonment of the adversary proceedings was expressly contemplated in the Agreement, and Decedent received consideration from Trustee's agreement not to challenge the lien. Fourth, Klein's mistake of law claim also fails. During negotiations, Klein and Decedent were represented by counsel, and they understood that there were legal and factual uncertainties when entering into the Agreement. Finally, Klein identifies no public policy that the Agreement cuts against. She argues that the Agreement was made "to benefit the trustee and his lawyers only," but such an argument is not a basis to rescind the Agreement on public policy grounds. *Cf. Hoffman v. Lloyd*,

4

572 F.3d 999, 1001–03 (9th Cir. 2009). The bankruptcy court properly dismissed Klein's rescission claim.

The money had and received and declaratory judgment claims also fail. Both claims turn on the success of Klein's unilateral rescission claim. *See* SAC ¶¶ 96, 100. Because we affirm the dismissal of the unilateral rescission claim, we also affirm the dismissal of these two claims.

**AFFIRMED.**