MEMORANDUM **
Catherine Jenner appeals pro se from the district court’s order affirming the bankruptcy court’s summary judgment in favor of R. Todd Neilson, Trustee of the bankruptcy estate of Reed E. Slatkin. The Trustee filed an action to set aside and recover fraudulent transfers made by Slatkin to Jenner during the course of a Ponzi scheme. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court’s conclusions of law, and for clear error the bankruptcy court’s factual findings. Latman v. Burdette, 366 F.3d 774, 781 (9th Cir.2004). We affirm.
The bankruptcy court did not err when it concluded that the Trustee had standing to avoid the fraudulent transfers to Jenner. The Trustee was standing in the shoes of a creditor and California’s *547 Uniform Fraudulent Transfer Act permits present and future creditors to challenge a fraudulent transfer. See Mejia v. Reed, 31 Cal.4th 657, 3 Cal.Rptr.3d 390, 74 P.3d 166, 170 (2003) (holding that under Cal. Civ. Code § 3439.04(a), a transfer can be fraudulent “both as to present and future creditors”).
The bankruptcy court did not err when it avoided the four-year fraudulent transfers because Cal. Civ.Code § 3439.09(a) sets forth a four-year statute of limitations and 11 U.S.C. § 546(a) sets a two year limit on the avoidance powers of a trustee.
The bankruptcy court erred in measuring the seven-year claims from the date Slatkin filed for bankruptcy protection rather than the date the Trustee filed the complaint to avoid the fraudulent transfers. See Cal. Civ.Code § 3439.09(c) (“Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought ... within seven years after the transfer was made or the obligation was incurred.”). Because this statute of repose “provide[s] an overarching, all-embracing maximum time period to attack a fraudulent transfer,” Macedo v. Bosio, 86 Cal.App.4th 1044, 104 Cal.Rptr.2d 1, 5 n. 4 (2001), it extinguished the Trustee’s ability to reach the transfers that occurred more than seven years prior to the date upon which the Trustee filed the claim against Jenner. See also Cal. Civ.Code § 3439.09 (Comments) (stating that the purpose of the section “is to make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy”). This error, however, is harmless. See United States v. Doe, 136 F.3d 631, 637 n. 11 (9th Cir. 1998) (stating that we may affirm on any ground supported by the record). Only on August 30, 1996, did Slatkin transfer money to Jenner in excess of the amount that Jenner had previously transferred to Slat-kin, and that date is within the seven-year period that ended on the date when the Trustee filed the action against Jenner.
The bankruptcy court did not err when it concluded that Slatkin’s plea agreement established preclusive proof of his fraudulent intent. The record indicates that Slatkin admitted to his intent and also that he admitted to operating a Ponzi scheme. See Hayes v. Palm Seedlings Partners (In re Agricultural Research and Technology Group, Inc.), 916 F.2d 528, 535 (9th Cir.1990) (“the debtor’s actual intent to hinder, delay or defraud its creditors may be inferred from the mere existence of a Ponzi scheme.”). Jenner’s contentions regarding collateral estoppel are unavailing because the bankruptcy court did not rely on collateral estoppel. See Rosen v. Neilson (In re Slatkin), 310 B.R. 740, 746 (C.D.Cal.2004).
Jenner’s contentions regarding reasonably equivalent value are also without merit. See Wyle v. C.H. Rider & Family (In re United Energy Corp.), 944 F.2d 589, 595 n. 6, 597 (9th Cir.1991).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.