MEMORANDUM **
Jon von Gunten and his corporation, Von Gunten Inc. Services (VGIS), (Appellants) appeal from the bankruptcy court’s order voiding transfers in the amount of $878,000 from Reed E. Slatkin. The bankruptcy court determined that Slatkin had been running a fraudulent Ponzi scheme and that the transfers from Slatkin were voidable fraudulent conveyances that occurred within seven years of Slatkin’s bankrupts cy.[1] We affirm the bankruptcy court’s order.
Where, as here, the bankruptcy court’s decision has been reviewed by the district court, we “apply the same standard of review as the district court applied to the bankruptcy court’s decision: findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed de novo.” Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir.2000). We have further held that a lower court’s evidentiary rulings must be affirmed unless they are “manifestly erroneous and prejudicial.” Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir.2002) (emphasis in original).
1. Appellants’ objections to the bankruptcy court’s determination that von Gunten was the beneficiary of transfers to VGIS are not persuasive. The applicable statute, 11 U.S.C. § 550(a)(1), allows a trustee to recover transfers for “the entity for whose benefit such transfer was made.” Here, von Gunten was the sole sharehold *258 er, director, and officer of VGIS. In addition, there was evidence in the record that von Gunten directed the use of funds received by VGIS. Accordingly, we will not disturb the bankruptcy court’s determination that von Gunten was the beneficiary of transfers to VGIS.
2. Appellants are not entitled to any relief on their claim that the bankruptcy judge violated a local court rule by not allowing Appellants’ counsel seven days to review the form of judgment presented by the Trustee, because Appellants have not shown any prejudice from the alleged violation. There is no indication that Appellants raised any objection as to the form of the judgment with the bankruptcy judge and they have raised no objection as to the order’s form on appeal.
3. Contrary to Appellants’ arguments, the bankruptcy court properly determined that there were qualifying creditors to the Slatkin bankruptcy. The applicable federal statute, 11 U.S.C. § 544(b)(1), provides that a trustee may avoid a transfer incurred by a debtor “that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable under section 502(e) of this title.” Moreover, California Civil Code § 3439.04(a) provides that a “transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred.” There was evidence before the bankruptcy court to support its determination that individuals such as John Poitras and Basil Honikman were qualifying creditors under these statutes.
4. Appellants’ objections to the Trustee reaching back seven years to void transfers are not persuasive. California Civil Code § 3439.09 allows a cause of action with respect to a fraudulent transfer “within seven years after the transfer was made,” if the cause is advanced within a year of when the transfer “could reasonably have been discovered by the claimant.” The bankruptcy court reasonably determined that neither the Trustee nor the claimants had any knowledge of preMay 1, 1997 transfers prior to Slatkin’s filing for bankruptcy, and Appellants have not directed us to any contrary evidence.
5. Appellants’ derivative argument that the Trustee failed to file his claims within a year of discovering the preMay 1997 transfers fails to recognize that pursuant to 11 U.S.C. § 544(b) a trustee is “in the overshoes of the debtor corporation’s unsecured creditors,” In re Acequia, Inc., 34 F.3d 800, 809 (9th Cir.1994), and that 11 U.S.C. § 546(a) provides a trustee with up to two years in which to commence an action against a fraudulent transfer. In Acequia, we noted with approval the holding in Karnes v. McDowell, 87 B.R. 554, 558 (Bankr.S.D.Ill.1988), to the effect “that a bankruptcy petition tolls the statute of limitations on a creditor’s state-law fraudulent conveyance action and permits the trustee to initiate avoidance litigation even where the limitations period otherwise would have expired.” Acequia, 34 F.3d at 807. Accordingly, Appellants have failed to show that the Trustee brought the action outside the statute of limitations.
6. Appellants’ objections to the bankruptcy court’s treatment of the $56,000 that Slatkin transferred to von Gunten prior to May 1, 1994, are not well taken. The bankruptcy court did not seek to avoid those transfers. Rather, it simply reduced Appellants’ total investment with Slatkin by that amount. This netting methodology is consistent with the “reasonable equivalent value” standard set forth in the California Fraudulent Trans *259 fer Act, California Civil Code §§ 3439-3439.12. See In re Prejean, 994 F.2d 706, 708 (9th Cir.1993). Moreover, Appellants’ approach, for which they offer no supporting case or statutory law, would be inequitable from the perspectives of the creditors because it would allow initial investors in a Ponzi scheme, who receive payments up to or even in excess of their investments, to again recover their investments from fraudulent transfers simply because the Ponzi scheme continued undetected for a period of time.
7. We reject Appellants’ challenges to the bankruptcy court’s evidentiary rulings. Contrary to Appellants’ argument, Jolynn Runolfson, a certified public accountant, was properly recognized by the bankruptcy court as an expert witness. Appellants’ argument that the declarations by creditors Poitras and Honikman, initially prepared for another proceeding in the Slatkin bankruptcy, could not be admitted in this proceeding is not supported by any ease law. Moreover, Appellants do not contend that the declarations set forth matters beyond personal knowledge. Also, the objected to declaration by the Trustee’s attorney only asserted what matters counsel thought were subject to judicial notice pursuant to Federal Rule of Evidence 201. Finally, Appellants have not advanced on appeal any objections to the assertions in the declarations. For all of these reasons, we decline to disturb the challenged evidentiary rulings.
8. Appellants’ assertions that they are entitled to greater offsets for monies given to Slatkin fail for two separate reasons. First, we reject any suggestion that a Ponzi scheme operator’s use of investors’ money has value and that investors are entitled to a credit for the “use value” of that money. See In re United Energy Corp., 944 F.2d 589, 595 n. 6 (9th Cir. 1991); see also In re Indep. Clearing House Co., 77 B.R. 843, 859 (Bankr.D.Utah 1987) (“We conclude, however, that the use of investors’ money to perpetuate a Ponzi scheme is not the type of ‘property’ and hence ‘value’ Congress had in mind when it passed section 548(a)(2).”).
Second, we reject any assertion that Appellants’ investment with Slatkin should be increased by the amount invested in Slatkin by the von Gunten, Inc. Services Retirement Trust (“the Retirement Trust”). Appellants chose to create the Retirement Trust as a separate and distinct legal entity. The creation of a distinct legal entity destroys the identity of interests required for a setoff. See In re Visiting Home Serv., Inc., 643 F.2d 1356, 1360 (9th Cir. 1981) (a setoff requires mutuality of debts, and mutuality “requires that the debts and credits must be in the same right, between the same individual, and in the same capacities”). Furthermore, the fact that the Retirement Trust is a separate entity precludes a claim for recoupment. See Newbery Corp. v. Fireman’s Fund Ins. Co., 95 F.3d 1392, 1399 (9th Cir.1996) (“recoupment ‘is the setting up of a demand arising from the same transaction as the plaintiffs claim or cause of action, strictly for the purpose of abatement or reduction of such claim,’ ” quoting 4 Collier on Bankruptcy 11553.03, at 553-15 (15th ed. 1995)(emphasis in original)).
9. We reject Appellants’ objections to the bankruptcy court’s award of prejudgment interest. The award of prejudgment interest is within the sound discretion of the trial court, and under 11 U.S.C. § 544(b) we have looked to state law to determine the interest rate. Acequia, 34 F.3d at 818. Our review of the record convinces us that the bankruptcy court reasonably awarded pre-judgment interest at the California rate of 7% from *260 the date on which the Trustee sued Appellants.
10. The final argument in Appellants’ brief is that the bankruptcy court “improperly extended the ‘law of the case’ doctrine.” We note that 11 U.S.C. § 1141(a) provides that bankruptcy confirmation rulings may bind a debtor or creditor even though the individual or entity has not accepted the plan. Whatever the limits to § 1141(a), Appellants’ challenge fails because they have not identified what rulings in other Slatkin adversary proceedings were allegedly improperly applied against them. Without specific allegations, we cannot balance the allegedly competing interests of the bankruptcy court, the Trustee, and von Gunten; accordingly we must deny Appellants’ claim.
In sum, we have considered the above claims as well as Appellants’ contention that the bankruptcy court should not have granted summary judgment, and conclude that Appellants have failed to show that there is any outstanding issue of material fact, or that they are entitled to relief on any of the issues they have raised on appeal. The bankruptcy court’s order is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.