**ORDERED PUBLISHED**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos.   CC-13-1374-KiKuDa |
| | CC-13-1375-KiKuDa |
| EPD INVESTMENT COMPANY, LLC | (Related Appeals) |
| and JERROLD S. PRESSMAN, | |
| | Bk. No.   2:10-bk-62208-ER |
| Consolidated Debtors. | |
| | Adv. Nos. 2:12-ap-02576-ER |
| | 2:12-ap-02596-ER |
| JASON M. RUND, Chapter 7 | |
| Trustee, | |
| | |
| Appellant, | |
| | |
| v. | **O P I N I O N** |
| | |
| BANK OF AMERICA CORPORATION; | |
| BANK OF AMERICA, N.A.; FIA | |
| CARD SERVICES, N.A. fka MBNA | |
| AMERICA BANK, | |
| | |
| Appellees. | |
| JASON M. RUND, Chapter 7 | |
| Trustee, | |
| | |
| Appellant, | |
| | |
| COUNTRYWIDE HOME LOANS, INC. | |
| and BANK OF AMERICA, N.A., | |
| | |
| Appellees. | |

Argued and Submitted on September 18, 2014,
at Pasadena, California

Filed - January 7, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

Appearances:   Corey R. Weber, Esq. of Ezra Brutzkus Gubner LLP

argued for appellant Jason M. Rund, Chapter 7 Trustee; Zareh A. Jaltorossian, Esq. argued for appellees Bank of America, N.A., Bank of America Corporation and FIA Card Services, N.A.

Before: KIRSCHER, KURTZ and DAVIS,[1] Bankruptcy Judges.

---

[1] Hon. Laurel E. Davis, Bankruptcy Judge for the District of Nevada, sitting by designation.

KIRSCHER, Bankruptcy Judge:

Chapter 7[2] trustee Jason M. Rund ("Trustee") appeals orders granting the motions of Bank of America Corporation, Bank of America, N.A. and FIA Card Services, N.A. fka MBNA America Bank (together "Bank of America") and Countrywide Home Loans, Inc., Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP (together "Countrywide") (collectively "Defendants" or "Appellees") to dismiss Trustee's claims against Appellees for certain fraudulent transfers.

Under § 544(b) and CAL. CIV. CODE §§ 3439-3439.12, Trustee sought to avoid certain fraudulent transfers to Appellees that occurred up to seven years prior to the debtors' petition date. Trustee filed his complaints against Appellees within the two years prescribed in § 546(a)(1)(A). Finding that the California fraudulent transfer statute, CAL. CIV. CODE § 3439.09(c), is a statute of repose, the bankruptcy court, relying on an unpublished Ninth Circuit decision, ruled that Trustee could reach back only to those transfers occurring up to seven years prior to the filing of his complaint, not the petition date. In other words, the bankruptcy court determined that § 546(a) has no effect on the seven-year limitations period set forth in CAL. CIV. CODE § 3439.09(c); it runs concurrently with the two year statute of limitations set forth in § 546(a). Trustee appeals, contending

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

-3-

that the filing of a bankruptcy petition tolls the California statute and gives a trustee an additional two years to investigate and file an avoidance action, regardless of whether CAL. CIV. CODE § 3439.09(c) is a statute of repose.

The narrow question of whether § 546(a) preempts a state-law statute of repose such as CAL. CIV. CODE § 3439.09(c) is an issue of first impression in this circuit. At least no published decisions have addressed it. While relatively few courts have addressed this particular issue, virtually all have held in favor of Trustee. We conclude that the bankruptcy court erred in its application of § 546(a), and we REVERSE.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

EPD Investment Company, LLC ("Debtor") was operated by Jerrold S. Pressman (together "Debtors")[3] as a sole proprietorship between the 1970s and June 27, 2003. On June 27, 2003, when Debtor was formed as a California limited liability company, Pressman transferred the sole proprietorship's assets to Debtor.

Trustee filed his complaints against Defendants on November 30 and December 2, 2012 (the "Complaints"). Trustee alleged that Debtor operated as a Ponzi scheme between 2003 and the petition

---

[3] EPD Investment Company, LLC was filed as an involuntary case on December 7, 2010. The bankruptcy court entered an order for relief on February 9, 2011, nunc pro tunc to December 7, 2010. It also ordered substantive consolidation of Debtor's case and Mr. Pressman's individual voluntary case nunc pro tunc to December 7, 2010. Therefore, the petition date and the order for relief date are the same; Trustee could arguably recover transfers going back seven years from December 7, 2010. See Alexander v. Compton (In re Bonham), 229 F.3d 750, 771 (9th Cir. 2000) (when court orders substantive consolidation nunc pro tunc, the filing date of the original involuntary bankruptcy petition is the controlling date from which to measure the limitations period for trustee's avoidance actions).

-4-

date. Pursuant to § 544(b) and CAL. CIV. CODE §§ 3439.04(a) and 3439.07, Trustee's first claim for relief sought to avoid transfers from Debtors to Defendants occurring up to seven years prior to the petition date: December 7, 2003 through December 7, 2010 (the "First Claim").[4] As to Bank of America, Trustee sought to avoid transfers made between December 24, 2003 and December 18, 2009. Trustee sought to avoid transfers to Countrywide made between December 15, 2003 and June 11, 2009.

Defendants moved to dismiss Trustee's Complaints under Civil Rule 12(b)(6) ("Motions to Dismiss"). Citing CAL. CIV. CODE § 3439.09(a) and (b),[5] Defendants argued that Trustee's recovery was limited to transfers made within four years preceding the date the bankruptcy court entered the order for relief, or February 9, 2011. Thus, argued Defendants, all transfers made prior to February 9, 2007, were time-barred and should be dismissed. Based on their arguments, Defendants maintained that the time limitations in CAL. CIV. CODE § 3439.09(a) and (b) were "tolled" as

---

[4]  Although Trustee alleged other claims for relief, his First Claim is the only claim at issue in these appeals.

[5]  CAL. CIV. CODE § 3439.09(a) and (b) provides:

A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought pursuant to subdivision (a) of Section 3439.07 or levy made as provided in subdivision (b) or (c) of Section 3439.07:

(a) Under paragraph (1) of subdivision (a) of Section 3439.04, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.
(b) Under paragraph (2) of subdivision (a) of Section 3439.04 or Section 3439.05, within four years after the transfer was made or the obligation was incurred.

-5-

of the date of the order for relief, and that Trustee could reach back to any transfers within the four-year period preceding February 9, 2011.

Trustee opposed the Motions to Dismiss. Citing <u>Von Gunten v. Neilson (In re Slatkin)</u>, 243 F. App'x 255, 258 (9th Cir. 2007) ("<u>Slatkin II</u>"), an unpublished Ninth Circuit case, Trustee argued that §§ 544(b) and 546(a) effectively preempted the statute of limitations set forth in CAL. CIV. CODE § 3439.09, including the seven-year period in subdivision (c).[6] Trustee argued <u>Slatkin II</u>, relying on <u>Acequia, Inc. v. Clinton (In re Acequia, Inc)</u>., 34 F.3d 800 (9th Cir. 1994), held that the filing of a bankruptcy petition tolls the limitations period on a creditor's state-law fraudulent transfer action and permits a trustee up to two years to file an avoidance action, even if the state's limitations period has otherwise expired. Therefore, argued Trustee, because he filed his Complaints within the two years required under § 546(a), Defendants had failed to show his claims were time-barred.

Defendants argued that CAL. CIV. CODE § 3439.09(c) was a statute of repose, not limitations, and was not subject to tolling. To support their argument, Defendants cited <u>Jenner v. Neilson (In re Slatkin)</u>, 222 F. App'x 545, 547 (9th Cir. 2007) ("<u>Slatkin I</u>"), another unpublished Ninth Circuit case issued six months prior to <u>Slatkin II</u>, for the proposition that the seven year reach back period should be measured from the date of the

---

[6] CAL. CIV. CODE § 3439.09(c) provides, in relevant part:

Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought . . . within seven years after the transfer was made or the obligation was incurred.

-6-

filing of the complaint, not the petition date. Thus, argued Defendants, to the extent Trustee sought to avoid transfers made more than seven years prior to the date of the filing of the Complaints, such claims should be dismissed with prejudice.

In its decision, the bankruptcy court identified CAL. CIV. CODE § 3439.09(a) and (c) as the applicable "statute of limitations" for a fraudulent transfer claim under CAL. CIV. CODE § 3439.04(a). Relying on Slatkin I, the court dismissed Trustee's First Claim against Defendants, with prejudice, to the extent it sought to avoid transfers occurring more than seven years prior to the date he filed his Complaints. After considering the parties' arguments at the hearing on the Motions to Dismiss, the court added:

> First, I believe that the Slatkin I case better reflects the application of relevant California law. And so I think it's a better -- it's not binding on the Court, but I think it reflects appropriately what the state of the law is in California with respect to that statute of repose.

Hr'g Tr. (July 16, 2013) 13:2-7 (emphasis added). We granted Trustee's motion for leave to file interlocutory appeals. Rule 8004.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(H). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Does § 546(a) preempt a state-law fraudulent transfer statute of repose such as CAL. CIV. CODE § 3439.09(c)?

## IV. STANDARDS OF REVIEW

The bankruptcy court's dismissal of an adversary complaint for failure to state a claim under Civil Rule 12(b)(6) is reviewed

-7-

de novo. Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011). A dismissal without leave to amend is reviewed for abuse of discretion. Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We review a bankruptcy court's conclusions of law, including its interpretations of provisions of the Bankruptcy Code and state law, de novo. See New Falls Corp. v. Boyajian (In re Boyajian), 367 B.R. 138, 141 (9th Cir. BAP 2007), aff'd, 564 F.3d 1088 (9th Cir. 2009).

## V. DISCUSSION

### A.   Civil Rule 12(b)(6) standards

Under Civil Rule 12(b)(6), made applicable in adversary proceedings through Rule 7012, a bankruptcy court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." In reviewing a Civil Rule 12(b)(6) motion, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, the trial court need not accept as true conclusory allegations in a complaint or legal characterizations cast in the form of factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008).

We do not ignore affirmative defenses to a claim; if the

-8-

allegations show that relief is barred as a matter of law, the complaint is subject to dismissal. Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal is appropriate under Civil Rule 12(b)(6) if the allegations show that relief is barred by the applicable statute of limitations).

To avoid dismissal under Civil Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). It is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under Civil Rule 12(b)(6) may be based either on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).

**B. The interplay of § 544(b), § 546(a) and the statute of limitations in Cal. Civ. Code § 3439.09(a) and (b).**

Section 544(b)(1) authorizes a trustee to avoid "any transfer of an interest of the debtor in property . . . that is voidable under applicable law" — i.e., state law. The transfers at issue here were argued to be fraudulent transfers under the California Uniform Fraudulent Transfer Act ("UFTA"), found in CAL. CIV. CODE §§ 3439-3439.12. Specifically, Trustee sought to avoid certain transfers under CAL. CIV. CODE §§ 3439.04(a) and 3439.07. Monies lost by Ponzi-scheme investors are recoverable under the UFTA. See Donell v. Kowell, 533 F.3d 762, 767 (9th Cir. 2008). A trustee's right to bring a state-law fraudulent transfer action under § 544(b) is a creation of the Bankruptcy Code; it is not an

-9-

action to assert an independent state law created right. <u>Gen. Elec. Capital Auto Lease, Inc. v. Broach (In re Lucas Dallas, Inc.)</u>, 185 B.R. 801, 804 (9th Cir. BAP 1995) (citing <u>Mahoney, Trocki & Assocs., Inc. v. Kunzman (In re Mahoney, Trocki & Assocs., Inc.)</u>, 111 B.R. 914, 918 (Bankr. S.D. Cal. 1990)).

CAL. CIV. CODE § 3439.09(a) and (b) are statutes of limitation requiring a plaintiff to file a fraudulent transfer action within four years of the transfer or, for an intentional fraud, within one year after the transfer was or could reasonably have been discovered. <u>In re JMC Telecom LLC</u>, 416 B.R. 738, 742 (C.D. Cal. 2009); <u>Macedo v. Bosio</u>, 86 Cal. App. 4th 1044, 1050 n.4 (2001).

A trustee's action under § 544 is also subject to the time limitations set forth in § 546(a), which provides, in relevant part, that an action or proceeding under § 544 to avoid a transfer must be commenced within "2 years after the entry of the order for relief." § 546(a)(1)(A). Many courts, including the Ninth Circuit, have held that if the statute of limitations period governing a state-law fraudulent transfer action has not yet expired on the petition date (or the date the order for relief is entered, which is generally the same date), the trustee may bring the action under § 544(b), provided it is filed within the § 546(a) limitations period. This rule applies even if the state statute of limitations expired while the bankruptcy case was pending. <u>Acequia, Inc.</u>, 34 F.3d at 807 (applying Idaho fraudulent transfer law and describing <u>Karnes v. McDowell (In re McDowell)</u>, 87 B.R. 554, 558 (Bankr. S.D. Ill. 1988), as holding that "a bankruptcy petition tolls the statute of limitations on a creditor's state-law fraudulent conveyance action and permits the

-10-

trustee to initiate avoidance litigation even where the limitations period otherwise would have expired"); Slatkin II, 243 F. App'x at 258 (applying CAL. CIV. CODE § 3439.09 and citing Acequia, Inc.); Richardson v. Preston (In re Antex, Inc.), 397 B.R. 168, 174 (1st Cir. BAP 2008); Rosania v. Haligas (In re Dry Wall Supply, Inc.), 111 B.R. 933, 936 (D. Colo. 1990); Picard v. Estate of Chais (In re Bernard L. Madoff Inv. Secs. LLC), 445 B.R. 206, 231 (Bankr. S.D.N.Y. 2011); Summit Secs., Inc. v. Sandifur (In re Metro. Mortg. & Secs. Co.), 344 B.R. 138, 141 (Bankr. E.D. Wash. 2006); Bay State Milling Co. v. Martin (In re Martin), 142 B.R. 260, 265 (Bankr. N.D. Ill. 1992); In re Mahoney, Trocki & Assocs., Inc., 111 B.R. at 919-20.

Simply put, so long as the state-law fraudulent transfer claim exists on the petition date (or the order for relief date), the state statutes of limitations cease to have any continued effect, and the only applicable statute of limitations for bringing the claim thereafter is within § 546(a). Accordingly, the reach back period is established on the petition date (or the order for relief date) and encompasses all transfers within the relevant period provided by state law. Trustee's Complaints were timely filed under § 546(a).

## C. The interplay of § 546(a) and CAL. CIV. CODE § 3439.09(c) and similar state statutes of repose

In contrast to subdivisions (a) and (b), the seven year time limitation set forth in CAL. CIV. CODE § 3439.09(c) is a statute of repose. Donell v. Keppers, 835 F. Supp. 2d 871, 877 (S.D. Cal. 2011) (citing Forum Ins. Co. v. Comparet, 62 F. App'x 151, 152 (9th Cir. 2003) ("[W]e find that CAL. CIV. CODE § 3439.09(c) is a

-11-

statute of repose pertaining to all actions relating to fraudulent transfers.") (relying on Macedo, 86 Cal. App. 4th at 1050 n.4)); In re JMC Telecom LLC, 416 B.R. at 742.

Relying on Slatkin I, the bankruptcy court determined that the seven-year repose period in CAL. CIV. CODE § 3439.09(c) was not tolled and, therefore, Trustee could not avoid any transfers that occurred more than seven years prior to the filing of the Complaints as those claims were extinguished. In Slatkin I, the chapter 7 trustee initiated an avoidance action to recover fraudulent transfers made by debtor during the course of a Ponzi scheme. 222 F. App'x at 546. Citing CAL. CIV. CODE § 3439.09(c), the Ninth Circuit found the bankruptcy court had erred in measuring the trustee's seven-year claims from the petition date rather than the date he filed his complaint. Following Macedo, the Ninth Circuit reasoned that the seven-year repose period "extinguished the Trustee's ability to reach the transfers that occurred more than seven years prior" to the filing of the complaint. Id. at 547. The court concluded that such error was harmless, however, because the transfers at issue had occurred within the seven-year period prior to when the trustee filed his complaint. Id.

In Slatkin II, which involved a different transferee of the debtor and was decided six months after Slatkin I, the Ninth Circuit stated in its introductory paragraph: "The bankruptcy court determined that Slatkin had been running a fraudulent Ponzi scheme and that the transfers from Slatkin were voidable fraudulent conveyances that occurred within seven years of Slatkin's bankruptcy. We affirm the bankruptcy court's order."

-12-

243 F. App'x at 257 (emphasis added). The court rejected the transferee's argument that the trustee could not avoid transfers reaching back seven years from the petition date. Id. at 258. Relying on Acequia, Inc., 34 F.3d at 807, the Slatkin II court concluded that upon the bankruptcy petition filing, the trustee then has two years to initiate avoidance litigation as § 546(a) tolls the statute of limitations on a creditor's state-law fraudulent transfer proceeding pursued through § 544(b). Id.

Trustee argues that Slatkin I and Slatkin II are inconsistent as to whether a trustee can recover transfers that occurred up to seven years prior to the petition date or to the date the complaint is filed. We agree. Slatkin I appears to hold that, unlike the four year statute of limitations set forth in CAL. CIV. CODE § 3439.09(a), the seven-year repose period in CAL. CIV. CODE § 3439.09(c) is not tolled upon the filing of the bankruptcy petition, and therefore a trustee can only recover transfers occurring up to seven years from when the complaint is filed. Slatkin II arguably holds just the opposite, that a trustee can recover transfers occurring up to seven years prior to the petition date. Slatkin II, however, made no mention of whether CAL. CIV. CODE § 3439.09(c) is a statute of repose or limitations. Either way, while the Slatkin cases may provide persuasive authority on the matter at hand, we are not bound by them.[7] See

_____

[7] Appellees argue that in the underlying district court order from Slatkin II, it is clear the issue there was only the four year statute of limitations set forth in CAL. CIV. CODE § 3439.09(a), not the seven-year repose period in CAL. CIV. CODE § 3439.09(c). While that was certainly one of the issues, the district court nonetheless proceeded to affirm the bankruptcy
(continued...)

-13-

9th Cir. R. 36-3(a). We disagree with Trustee that Acequia, Inc. has answered the question before us. That case did not address the effect of § 546(a) on a state statute of repose such as CAL. CIV. CODE § 3439.09(c).

No published Ninth Circuit case has addressed this specific issue. Therefore, we turn to other jurisdictions which have considered it. First, however, we believe a brief explanation about the difference between statutes of limitations and statutes of repose is in order. In a recent decision, we explained that a statute of limitations creates an affirmative defense if a party fails to initiate an action within a specific time period, whereas a statute of repose extinguishes a party's claim after a fixed period of time, usually measured from one of the defendant's acts. The former involves a party's diligence; the latter promotes a defendant's peace from litigation. DeNoce v. Neff (In re Neff), 505 B.R. 255, 263 (9th Cir. BAP 2014). "A statute of repose is thus harsher than a statute of limitations in that it cuts off a right of action after a specified period of time, irrespective of

---

[7](...continued)
court's finding that the trustee could bring fraudulent transfer claims up to seven years prior to the date of the debtor's bankruptcy filing:

> The Court finds that pursuant to CAL. CIV. CODE § 3439.09(a), the Trustee presented sufficient evidence to avoid transfers up to seven years prior to Slatkin's bankruptcy and the transfers actually avoided did not go beyond seven years.

> The Court finds that pursuant to [§ 546(a)(1)(A)], the Bankruptcy Court did not err in finding that the Trustee's claims against Appellants were timely.

Von Gunten v. Neilson (In re Slatkin), No. 2:04-cv-10280, at 4 (C.D. Cal. Aug. 31, 2005) (emphasis added).

-14-

accrual or even notice that a legal right has been invaded." Giest v. Sequoia Ventures, Inc., 83 Cal. App. 4th 300, 305 (2000) (citation omitted).

Although statutes of limitations are subject to equitable tolling, equitable tolling is inconsistent with statutes of repose. In re Neff, 505 B.R. at 264 (citing Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991)). Several federal courts in California have held that CAL. CIV. CODE § 3439.09(c) is not subject to tolling. See Donell, 835 F. Supp. 2d at 878 (dismissing claims filed more than seven years after fraudulent transfers were made and holding that repose period in CAL. CIV. CODE § 3439.09(c) was not subject to tolling under CAL. CODE CIV. PROC. § 356 (relating to tolling where an injunction against commencement of an action exists) because tolling is inconsistent with the statute's plain language, which is "absolute" and "cannot be tolled or otherwise extended"); In re JMC Telecom LLC, 416 B.R. at 742-43 (following Macedo and holding that CAL. CIV. CODE § 3439.09(c) "operates as an absolute bar on fraudulent transfer claims older than seven years" and is not subject to extension by CAL. CODE CIV. PROC. § 338(d), the statute of limitations applicable to California common law fraudulent transfer claims); Roach v. Lee, 369 F. Supp. 2d 1194, 1198-99 (C.D. Cal. 2005) (holding that seven-year repose period in CAL. CIV. CODE § 3439.09(c) trumps the statute of limitations period in CAL. CODE CIV. PROC. § 338(d) and dismissing claims for transfers outside seven years).

While these cases have determined that the repose period in CAL. CIV. CODE § 3439.09(c) is not subject to equitable tolling or

-15-

any type of extension provided in potentially conflicting California statutes, such as CAL. CODE CIV. PROC. §§ 356 or 338(d), none confronted the interplay between CAL. CIV. CODE § 3439.09(c) and the Bankruptcy Code, namely § 546(a).[8]  In fact, few cases have dealt with the interplay between § 546(a) and a state statute of repose.

### 1.    Cases supporting Trustee's position

Trustee argues that § 546(a) makes no distinction between statutes of limitations and statutes of repose, and therefore the bankruptcy court erred in determining he could reach back only to those transfers occurring within seven years from the filing of his Complaints.  Several cases support Trustee's position.

In <u>Gibbons v. First Fid. Bank, N.A. (In re Princeton-New York Invs., Inc.)</u>, 199 B.R. 285 (Bankr. D.N.J. 1996) ("<u>Princeton I</u>"), the chapter 11 trustee sought to avoid an alleged fraudulent transfer under §§ 544, 548 and the New Jersey UFTA.  The transfer in question occurred on November 14, 1990.  The bankruptcy petition was filed on August 12, 1994.  The four-year repose period under the New Jersey UFTA expired on November 14, 1994. The trustee filed his avoidance action on October 6, 1995.  <u>Id.</u> at 288-89.  Defendants moved to dismiss the trustee's complaint under

---

[8]  In <u>In re JMC Telecom LLC</u>, the district court held that because of the language contained in CAL. CIV. CODE § 3439.09(c) — "Notwithstanding any other provision of law" — all fraudulent transfer claims were barred after seven years whether they arose under the UFTA or CAL. CODE CIV. PROC. § 338(d).  416 B.R. at 742-43.  However, § 546(a) is not mentioned anywhere in the decision, and it is not clear whether the district court even considered it. While the cases cited by Appellees on pages 14-15 of their brief have held that equitable tolling is inconsistent with the statute of repose in CAL. CIV. CODE § 3439.09(c), none dealt with § 546(a), and some did not involve the Bankruptcy Code at all.

-16-

Civil Rule 12(b)(6), contending that his right to bring such an action was extinguished on or about November 14, 1994, and so his complaint filed on October 6, 1995, was untimely. Id. at 292. Both parties agreed the fraudulent transfer claim existed as of the petition date. Id. at 293.

As with Appellees in the instant case, the defendants in Princeton I argued that § 544(b) gave the trustee no more rights than a hypothetical unsecured creditor has under state substantive law, which requires that the fraudulent transfer action be brought within four years. Id. at 292-93. They further argued that even though a state statute of limitations on a fraudulent transfer action may be tolled upon the bankruptcy petition date, the same rule did not apply to a statute of repose. Id. at 294. The bankruptcy court disagreed, holding that the four-year statute of repose in the New Jersey UFTA was preempted by § 546. Id. at 297-98. Accordingly, because the fraudulent transfer claims were viable on the petition date, the trustee's avoidance action filed within the two years prescribed in § 546(a) was timely.

The district court affirmed. First Union Nat'l Bank v. Gibbons (In re Princeton-New York Invs., Inc.), 219 B.R. 55, 64 (D.N.J. 1998) ("Princeton II"). Rejecting the bank's argument that the trustee's avoidance action was governed by the substantive limitations of New Jersey law, the district court held that because the trustee's action under § 544(b) and the New Jersey UFTA was filed within the time prescribed in § 546(a), his complaint was timely. Id. at 64-65. In other words, as long as the applicable statute of repose has not yet expired at the time the bankruptcy petition is filed, a trustee's complaint is timely

-17-

if filed in accordance with § 546(a). The district court found that holding otherwise would frustrate a trustee's ability to recover property for the bankrupt estate's benefit, "a congressional goal intended to be accomplished by the Code." Id. at 65.

Not convinced by the bank's argument that a statute of repose should be treated differently under § 546(a), the district court in Princeton II stated:

> The Court is not convinced that § 25:2-31's status as a statute of repose, alone, is sufficient to establish an overriding state public policy requiring subordination of the Code's goals for §§ 544(b) and 546(a). After carefully weighing the goals of the Code, namely for the Trustee to maximize the bankruptcy estate for creditors' benefit, with the New Jersey legislature's purposes for enacting the statute of repose, pursuant to the Supremacy Clause and substantive countervailing federal law considerations, the state statute must give way. Section 546(a)'s wording is clear. It applies to those actions brought under § 544. If § 546(a)'s plain meaning has led to unworkable results, it is for Congress and not the courts to remedy that problem.

Id. at 65-66 (footnote omitted).

In a factually similar case, the transferee defendants moved under Civil Rule 12(b)(6) to dismiss the trustee's avoidance actions as barred by the limitations period set forth in the New Jersey UFTA, arguing that the transfers occurred more than five years before the trustee filed his complaint. Tsai v. Bldgs. by Jamie, Inc. (In re Bldgs. by Jamie, Inc.), 230 B.R. 36, 40, 45 (Bankr. D.N.J. 1998). Persuaded by the district court's analysis in Princeton II, the bankruptcy court held that because the four-year statute of repose had not expired at the time the bankruptcy petition was filed, the trustee's avoidance actions were not time-barred as long as they were filed within the two years prescribed

-18-

in § 546. Id. at 45.

The bankruptcy court in Mi-Lor Corp. v. Gottsegen (In re Mi-Lor Corp.), 233 B.R. 608, 619 (Bankr. D. Mass. 1999), reached the same conclusion as Princeton I, Princeton II and In re Bldgs. by Jamie, Inc. There, the chapter 11 debtors' bankruptcy cases were filed in March 1995. Based on the date of the alleged transfers, the six-year contract claims limitations period applicable under the Massachusetts Uniform Fraudulent Conveyance Act (the precursor to the UFTA) expired in March 1996. The debtors filed their fraudulent conveyance action under § 544(b) and Massachusetts state law in February 1997. Id. at 618. Defendants argued that debtors' claims were extinguished by March 1996, and therefore their action was time-barred because the alleged "transfers were not then, in the words of section 544(b)(1), 'voidable under applicable law by a creditor.'" Id. The debtors argued that § 546(a) gave them an additional two years from the bankruptcy filing to bring their avoidance action under § 544(b). The bankruptcy court agreed with debtors and held that, whether viewed as a statute of limitations or repose, because the state law limitations period had not expired when debtors filed their bankruptcy petitions, debtors' action was timely under § 546(a). Id. at 619.

In Smith v. Am. Founders Fin. Corp., 365 B.R. 647, 676-78 (S.D. Tex 2007), the district court for the Southern District of Texas rejected arguments similar to those raised by the defendants in Princeton I and Princeton II. In considering the interplay between § 546(a) and the repose period set forth in the Texas UFTA, the district court agreed with the holdings of Princeton I,

-19-

_Princeton II_ and _In re Bldgs. by Jamie, Inc._, and held that § 546(a) preempted state law and controlled the timing of the trustee's avoidance action. _Id._ at 678-79. As long as the trustee's claims are viable when the debtor files its bankruptcy case, the trustee has two years from the petition date to file the avoidance action. _Id._ at 679.

While Appellees argue that CAL. CIV. CODE § 3439.09(c) cannot be equitably tolled or held in abeyance until the discovery of alleged fraudulent transfers, none of the above courts based their decisions on the doctrine of equitable tolling. Rather, each concluded, either expressly or implicitly, the statute of repose in their respective state fraudulent transfer statute was preempted by § 544(b) and the statute of limitations set forth in § 546(a).

### 2. Cases supporting Appellees' position

Far fewer cases support Appellees' position that Trustee's claims for fraudulent transfers occurring more than seven years prior to the complaint date are barred by California's statute of repose. We located two.

The first case supporting Appellees is _Official Comm. of Unsecured Creditors v. Action Indus., Inc. (In re Phar-Mor, Inc. Secs. Litig.)_, 178 B.R. 692 (W.D. Pa. 1995), _aff'd_, 101 F.3d 689 (3d Cir. 1996) ("_Phar-Mor_"). In _Phar-Mor_, the creditors committee filed an avoidance action under §§ 544, 548 and Ohio's fraudulent transfer statutes. _Id._ at 693-94. One of the defendants who participated in the alleged fraudulent transfers died during the bankruptcy case. The committee did not learn of the man's death until his estate executor moved for summary judgment on the

-20-

committee's claim against the man's estate; the committee had not filed its claim against his estate until eighteen months after his death. Id. at 694. The executor moved for summary judgment on the basis that the applicable Ohio probate statute (referred to as a "nonclaim" statute, which is effectively a statute of repose) barred all claims against a decedent's estate not presented within one year of the decedent's death. Id. The committee contended the one-year nonclaim statute was inapplicable because it conflicted with the two year statute of limitations in § 546(a). Id.

In considering the interplay between § 546(a) and the Ohio probate statute, the district court held that § 546(a) did not preempt Ohio law. Id. at 694-96. Preemption in this case was "inappropriate because [the court could not] discern a 'clear and manifest' intention on the part of Congress to override the state's strong and traditional interest in regulating the probate matters of its citizens." Id. at 696. See also Marshall v. Marshall, 547 U.S. 293, 308 (2006) (recognizing the probate exception as described in Markham v. Allen, 326 U.S. 490, 494 (1946)). Notably, the district court did say, in dicta, that had the Ohio probate statute been a statute of limitations, it would have been inclined to find that § 546(a) preempted it. Id. at 695. It concluded that when considering a probate nonclaim statute the calculus requires attention to a "state's traditional right to regulate probate matters" and "the right to determine the capacity of its citizens to be sued," thereby defeating a preemption argument. Id. at 695-96.

The other case is Floyd v. Option One Mortg. Corp. (In re

-21-

Supplement Spot, LLC), 409 B.R. 187 (Bankr. S.D. Tex. 2009). There, the trustee sought to recover fraudulent transfers under § 544(b), § 548 and the Texas UFTA. Id. at 197. Applying the same Texas statute of repose as the district court did in Smith, the bankruptcy court determined the trustee could avoid transfers going back four years from the date he filed his complaint. Id. at 202-03. We do not find In re Supplemental Spot, LLC persuasive. The bankruptcy court believed it did not need to conduct a preemption analysis between § 546(a) and the Texas UFTA and thus did not do so. Id. at 197. The court indicated that, if it had done such a preemption analysis, it would have required the trustee to comply with both the state and federal limitations periods. Id. at 198.

**D. The bankruptcy court erred when it dismissed Trustee's First Claim in part as being barred by the seven year statute of repose in CAL. CIV. CODE § 3439.09(c).**

We are persuaded by the well-reasoned holdings of Princeton I and Princeton II and their progeny and conclude that the state statute of repose at issue here presents an obstacle to the objectives of Congress in enacting the Code. In cases like Phar-Mor, which involve state probate statutes, we agree that because Congress has not expressed an intention to override a state's strong and traditional interest in regulating probate matters, the Code may not control.

However, by enacting the Code, Congress has expressed an intent to regulate bankruptcy and maximize the bankruptcy estate for the benefit of creditors. Congress enacted § 544(b) and § 546(a) to foster a trustee's ability to avoid fraudulent transfers of property under state law and to recover that property

-22-

for the benefit of the estate. Section 546 was created with the intent to give trustees sufficient time or "breathing room" to determine whether to assert any claims under § 544. Princeton I, 199 B.R. at 297 (citing In re Dry Wall Supply, Inc., 111 B.R. at 936). Although "§ 544(b) does not explicitly preempt state law, inclusion of § 546(a) in the Code evidences Congress' intent to subordinate state law restrictions." Princeton II, 219 B.R. at 64.

The California Legislature has expressed an intent in CAL. CIV. CODE § 3439.09(c) to extinguish liability if an avoidance action is not timely filed. In addition, the phrase "notwithstanding any other provision of law" found in CAL. CIV. CODE § 3439.09(c) expresses the legislature's intent for the seven-year repose period to control despite the existence of other laws which might otherwise govern. See Roach, 369 F. Supp. 2d at 1199. However, to the extent CAL. CIV. CODE § 3439.09(c) tries to affect or conflicts with federal bankruptcy law, the state law must yield.

In considering both California and federal law, we conclude the time bar set forth in CAL. CIV. CODE § 3439.09(c) frustrates Congress' intent in § 546 and collides with federal bankruptcy law. And, unlike the probate statute at issue in Phar-Mor, we see no substantial countervailing state interest that outweighs Congress' goal of maximizing the bankruptcy estate for the benefit of creditors. Princeton I, 199 B.R. at 297. Therefore, pursuant to the Supremacy Clause, the state law must yield. Id. at 298; Princeton II, 219 B.R. at 65-66.

Accordingly, we hold that so long as a state-law fraudulent

-23-

transfer claim exists on the petition date (or the date the order for relief is entered), i.e., the state's applicable repose period governing the action has not yet expired on the petition date (or the order for relief date), the trustee may bring the avoidance action under § 544(b), provided it is filed within the limitations period in § 546(a). The "reach back" period is established on the petition date (or the order for relief date) and encompasses all transfers within the relevant period provided by state law.

In this case, Trustee should have been allowed to bring a claim for those transfers occurring within seven years prior to the petition date — i.e., back to December 7, 2003 — and the bankruptcy court erred in dismissing his First Claim under Civil Rule 12(b)(6) to the extent it sought to avoid the transfers to Bank of America from December 24, 2003 through November 21, 2005, and the transfers to Countrywide from December 15, 2003 through November 16, 2005. Because Trustee timely filed his First Claim within the two years prescribed in § 546(a)(1)(A), recovery of these transfers was not time-barred.

## VI. CONCLUSION

For the foregoing reasons, we REVERSE.