NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ANA BEATRIZ BETANCOURT,

Debtor,

—————————————————

ANA BEATRIZ BETANCOURT,

Appellant,

v.

MATTHEW BALLMER,

Appellee.

No. 17-60070

BAP No. 17-1016

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Taylor, and Lafferty III, Bankruptcy Judges, Presiding

Submitted March 6, 2019[**]
Pasadena, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and CHRISTENSEN,[***]
Chief District Judge.

———————————————

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]  The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

Debtor-Appellant Ana Beatriz Betancourt appeals the Bankruptcy Appellate Panel's (BAP) affirmance of the bankruptcy court's judgment that she engaged in fraudulent transfers of real property with the intent to inflict willful and malicious injury upon Matthew Ballmer's predecessor in interest Paul Ballmer (together, Ballmer), within the meaning of 11 U.S.C. § 523(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

1.      The bankruptcy court did not err in holding that Betancourt fraudulently transferred parcels of real property. The bankruptcy court found that Betancourt's actions to "denude La Fe of all assets" in December 2004—the same month as Paul Ballmer's state trial against her—had the subjective intent to harm Ballmer. The court also found that the transfers of parcels 30-10 and 027-029 were without consideration.

Those findings were not clearly erroneous. Betancourt's confusing and vague testimony before the bankruptcy court regarding the deed transfers, the timing of the deed recordations, and the lack of documentary evidence supported a finding of fraudulent intent. *See In re Ezra*, 537 B.R. 924, 930–31 (B.A.P. 9th Cir. 2015) (noting eleven non-exclusive factors to determine whether fraudulent intent existed under Cal. Civ. Code § 3439.04(b)). Betancourt's claim that the deeds were delivered in 1998 and 2002 is contradicted by her earlier testimony that she maintained possession of the deeds for years after the deed transfers. Nothing in

2

the record compels the conclusion that the bankruptcy court's findings are illogical or implausible.

2.     Betancourt next argues that Ballmer's adversary proceeding was untimely. That claim also fails.  The bankruptcy court correctly held that the seven-year statute of repose in Cal. Civ. Code § 3439.09(c) did not bar Ballmer's action because Ballmer's claim arose less than seven years before Betancourt filed her bankruptcy petition.  *See In re EPD Inv. Co., LLC*, 523 B.R. 680, 692 (B.A.P. 9th Cir. 2015) (holding the time bar in Cal. Civ. Code 3439.09(c) yields to federal law and will not bar an action that has not yet expired on the petition date).  Here, Betancourt filed for Chapter 7 bankruptcy in April 2010, and the deed recordations occurred in December 2004.  Thus, Ballmer's claim remained viable on the petition date.

In addition, the bankruptcy court's finding that Ballmer's action was timely because he had no reason to discover the fraudulent transfers prior to April 2009 was not clearly erroneous.  Both Ballmers submitted declarations to the bankruptcy court averring that they did not have reason to know of the fraudulent transfers until July 2011, and Paul Ballmer detailed his actions and illness post-judgment in 2005.

3.     Lastly, Betancourt contends that the bankruptcy court should not have

3

granted Ballmer's Rule 60(b)[1] motion for relief from judgment for the initial failure to file a declaration by Matthew Ballmer.  The Supreme Court has identified four factors for courts to weigh in determining whether the court may grant relief under Rule 60(b) for mistake or excusable neglect.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993) (noting factors of prejudice to non-movant, length of delay, reason for delay, and good faith of movant).

Here, the bankruptcy court weighed these factors and found the reason for delay to be the ambiguity in its own previous order.  The court's ambiguous order alternatively referred to "either of the Ballmers," and "Paul and Matthew Ballmer" as the one(s) to submit evidence, and stated that the court would "review the evidence and determine whether a further evidentiary hearing is required," which the court did not do.  The court's finding that Ballmer's error resulted from a misinterpretation of the order—not a strategic decision—is not clearly erroneous.  Accordingly, the court did not abuse its discretion in granting the Rule 60(b) motion.

**AFFIRMED**.

---

[1] References to Rule 60(b) are to the Federal Rules of Civil Procedure.