Monrova S. EVARTS, Appellant,

v.

WESTERN METAL FINISHING CO., a California corporation, Appellee.

No. 15725.

United States Court of Appeals Ninth Circuit.

March 20, 1958.

Rehearing Denied April 24, 1958.

Elon G. Galusha, Los Angeles, Cal., for appellant.

Walker, Wright, Tyler & Ward, Oliver S. Northcote, Los Angeles, Cal., for appellee.

Before POPE, FEE, and HAMLEY, Circuit Judges.

PER CURIAM.

Monrova S. Evarts instituted this suit on June 24, 1957, by filing a pleading denominated "Bill in Equity." Her former employer, Western Metal Finishing Co., was named defendant. Defend-ant moved to dismiss the action on the ground that the court lacked jurisdiction of the subject matter. The motion was granted, and a judgment was entered dismissing the action. Plaintiff appeals.

In the complaint, it is alleged that appellee deprived appellant of certain rights because she had voted with the majority of the employees favoring selection of collective bargaining representatives. Specifically, it is alleged that appellee refused to keep appellant's name on the employees' list maintained under the bargaining agreement; terminated appellant's employment without written notice, and without reasonable and probable cause; refused to maintain appellant's wage records, as required by the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.; deprived appellant of her normal fair share of overtime compensation; and conspired with unknown parties "to try to annul her eligibility for membership in the Teamsters' Union, No. 986, L.A."

It is further alleged in the complaint that these actions by appellee were in violation of appellant's rights as a member of the established bargaining unit; violated her seniority and job-classification rights under the National Labor Relations Act and the Taft-Hartley Act, 29 U.S.C.A. §§ 141 et seq., 151 et seq.; constituted unfair labor practices; and deprived appellant of due process of law.

It is also alleged that appellant sought relief from the National Labor Relations Board. According to the complaint, an NLRB investigator prepared, and appellant signed, a complaint in an NLRB proceeding filed against appellee. (NLRB Case No. 21–CA–1698) Without appellant's knowledge or consent, however, this investigator was later removed from the case. Without a hearing, the Los Angeles director of NLRB thereafter handed down a decision denying appellant any relief. She appealed to the Washington, D. C., office of NLRB. Without a hearing, that office sustained the director's decision, and denied her request for rehearing. Without appeal-

ing from that adverse NLRB decision, appellant instituted this independent proceeding in the district court.

Appellant asks in the complaint that an order be entered declaring her rights and ordering her reinstatement as an employee with full seniority and back pay. She asks that appellee be directed to comply with provisions of the Fair Labor Standards Act and to desist from "further discrimination" under the Taft-Hartley Act, or any other act. Exemplary damages in the amount of $10,000 are also sought. Finally, appellant asked the court to vacate and set aside the order of the same court in case No. 16120–WM, in which appellant's action seeking similar relief was dismissed on April 12, 1954.[1]

The substance of the instant action is that appellant was damaged by certain unfair labor practices indulged in by appellee. Seeking relief, appellant appropriately applied to the National Labor Relations Board. Under the statutory scheme designed by Congress to deal with such matters, this is the only place where such relief may initially be sought.[2]

Appellant was entitled to appeal from the adverse decision of the National Labor Relations Board to this court, or to the Court of Appeals for the District of Columbia. 29 U.S.C.A. § 160(f). This is the sole method of reviewing NLRB orders. Appellant did not avail herself of this right of review.

For the reasons indicated, the district court did not have jurisdiction of the subject matter of appellant's "Bill in Equity." That court did not err in dismissing the action.

Affirmed.

---

1. Appellee argues that the judgment dismissing the action in response to appellee's motion to dismiss is sustainable on the ground that the judgment in case No. 16120–WM is res judicata as to the present controversy. Had the allegations of the complaint adequately revealed this information, and had this been made one of the grounds for the motion to dismiss, this argument would have merit. See Larter & Sons v. Dinkler Hotels Co., 5 Cir., 199 F.2d 854. But neither of these circumstances exists in this case. It is likewise true that a district court, acting sua sponte, may dismiss an action where the records of that court show that a previous action covering the same subject matter and parties had been dismissed. Hicks v. Holland, 6 Cir., 235 F.2d 183. But here the court did not act sua sponte, and did not purport to dismiss the action under the doctrine of res judicata.

2. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; California Ass'n v. Building and Construction Trades Council, 9 Cir., 178 F.2d 175; United Electrical R. & M. Workers v. General Electric Co., 97 U.S.App.D.C. 306, 231 F.2d 259; Anson v. Hiram Walker & Sons, 7 Cir., 222 F.2d 100.