Tony BAYONE; Nardell Carter; Curtis Clayton; Larry Douglas; Dale Edmondson; Paul Finner; Charles Gaston; Randy Higgins; George Jacobs; Kenneth Johnson, Willie McGee; Larry Moore; Lawrence Taylor; Eric Taylor; Donzell Wharry, Plaintiffs—Appellants,

v.

Le Roy BACA; Michael Antonovich; Yvonne Burke; Donald Knabe; Gloria Molina; Zev Yaroslavsky; David Betky; Steven Day; Taylor Moorhead, Defendants—Appellees.

No. 03–57093.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2005.

Decided May 5, 2005.

Stephen Yagman, Esq., Yagman & Yag-
man & Reichmann & Bloomfield, Venice

Beach, CA, Kathryn S. Bloomfield, Esq., Mira, LA, for Plaintiffs—Appellants.

David D. Lawrence, Esq., Paul B. Beach, Esq., Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendants—Appellees.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Plaintiffs, African–Americans who suffered injury during race riots when they were inmates in a Los Angeles County jail facility, appeal the district court's dismissal of their constitutional claims brought under 42 U.S.C. §§ 1983 and 1985(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

The district court properly dismissed the constitutional claims of those Plaintiffs who were incarcerated on the date they filed their complaint.[1] The evidence did not show that they exhausted available administrative remedies prior to filing their complaint as the Prison Litigation Reform Act ("PLRA") required. Plaintiffs' argument that they substantially complied with available administrative remedies by filling out complaint forms or otherwise complaining to jail officials while incarcerated was not raised below, and is therefore deemed waived.[2]

The district court, in the alternative, properly dismissed all of Plaintiffs' constitutional claims on the basis of its previous ruling in a related case, *Moore v. Baca*.[3] In *Moore*, the court determined on summary judgment that Defendants' conduct did not violate Plaintiffs' constitutional rights.[4] Res judicata applies to bar Plaintiffs' claims and supports the district court's dismissal.[5] The *Moore* action dealt

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 42 U.S.C. § 1997e(a); *see McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002). "We review a district court's determination that a prisoner failed to exhaust administrative remedies *de novo*, and [its] factual determinations for clear error." *Ngo v. Woodford*, No. 03–16042, 2005 WL 674707, at *2 (9th Cir. Mar.24, 2005); *see Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003).

2. *See Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 509 (9th Cir.1990) ("As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances.").

3. D.C. No. CV–01–03552–FMC (C.D.Cal. Aug. 20, 2003). We do not reach the question of whether any Plaintiffs who were not incarcerated when they filed their complaint had to exhaust administrative remedies because, even assuming that the PLRA did not require that they exhaust, the district court properly dismissed these Plaintiffs on alternate grounds. We can reach the district court's alternate grounds because the exhaustion requirement in the PLRA does not affect our subject matter jurisdiction. *Wyatt*, 315 F.3d at 1117 n. 9.

4. We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004).

5. Although neither Defendants nor the district court expressly mentioned res judicata, we can affirm the district court's dismissal of a complaint on any basis that the record supports. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.1995); *see also Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1054–55 (9th Cir.2005) ("As a general matter, a court may, *sua sponte*, dismiss a case on

with the same claims, involved the same parties or their privies, and concluded in a final decision on the merits.[6] Accordingly, we affirm.

AFFIRMED.

preclusion grounds 'where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed.' ") (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n. 1 (9th Cir. 1958)). We have held that the affirmative defense of res judicata may be raised in a motion to dismiss under Rule 12(b)(6). *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

6. *See Headwaters*, 399 F.3d at 1052. Even though Plaintiffs were no longer parties to

the *Moore* case at the time of the summary judgment ruling, there was privity with the plaintiffs in *Moore* because of the identity of interests and adequate representation of those interests. *See Shaw v. Hahn*, 56 F.3d 1128, 1131 (9th Cir.1995). Although the lower court's decision in *Moore* was pending on appeal at the time the court relied upon it to dismiss Plaintiffs' claims in the instant case, the *Moore* decision remained final for res judicata purposes. *See Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir.1988).