

# FILED

DEC 3 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br><br>SHMUEL ERDE,<br><br>                Debtor. | BAP Nos. CC-19-1022-GTaS<br>          CC-19-1139-GTaS<br>          (Related)<br><br>Bk. No. 2:18-bk-20200-VZ |
| SHMUEL ERDE,<br><br>               Appellant,<br><br>v.<br><br>THEODOR NICKOLAS BODNAR;<br>MARY LOUISA BODNAR; THE<br>BODNAR FAMILY TRUST,<br><br>             Appellees. | Adv. No. 2:18-ap-01295-VZ<br><br><br><br>**MEMORANDUM**<sup>*</sup> |

Argued and Submitted on November 21, 2019
at Pasadena, California

Filed – December 3, 2019

Appeal from the United States Bankruptcy Court

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

---

Appearances:     Appellant Shmuel Erde argued pro se.[**]

---

Before: GAN, TAYLOR, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

This appeal arises from the latest chapter in Shmuel Erde's decades-long pursuit of claims against his former partner Theodor Bodnar, related to a failed real estate development deal in 1984. In this Chapter 11[1] case, he appeals from the bankruptcy court's order (1) dismissing his adversary complaint against Mr. Bodnar, Mary Bodnar, and the Bodnar Family Trust ("Bodnar Parties"); (2) determining Mr. Erde to be a vexatious litigant with respect to the Bodnar Parties; and (3) enjoining him from commencing or continuing any adversary proceedings against the Bodnar Parties without permission from the court. He also appeals the bankruptcy court's order denying him permission to file a motion to vacate the order dismissing the

---

[**] None of the named appellees actively participated in this appeal.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

1984 bankruptcy case filed by his partnership.[2]

Mr. Erde's claims against the Bodnar Parties and his attempts to administer the partnership assets are barred by claim preclusion. The bankruptcy court was correct to dismiss the adversary proceeding and declare Mr. Erde a vexatious litigant, and to deny him permission to file the motion to vacate. We AFFIRM.

## FACTUAL BACKGROUND [3]

### A. Prepetition Events

### 1. The development deal

In 1983, Mr. Erde formed a partnership with Theodor Bodnar to redevelop an aging building owned by Mr. Erde. Prior to securing financing for the redevelopment project, Mr. Erde and Mr. Bodnar obtained a short-term interim loan, secured by a deeds of trust on the property as well as Mr. Erde's personal residence and his other investment properties. Before Mr. Bodnar could arrange a long-term loan, the interim loan became due and the lender initiated foreclosure proceedings against the properties.

---

[2] Although Mr. Erde did not attach the order denying permission to file the motion to vacate to his notice of appeal, it is clear from his opening brief that he intended to appeal that order, and we exercise our discretion to review it. *See Mahakian v. William Maxwell Invs., LLC, (In re Mahakian)*, 529 B.R. 268 (9th Cir. BAP 2015).

[3] In this memorandum, we have borrowed from the Panel's detailed decision in *Erde v. Dye (In re Erde)*, BAP No. CC-18-1321-FLS, 2019 WL 2399708 (9th Cir. BAP June 9, 2019). We also exercise our discretion to review the bankruptcy court's docket and the available public record in Mr. Erde's many cases. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

In March 1984, Mr. Bodnar recorded a lis pendens against the property, which clouded the title and prevented Mr. Erde from securing alternative financing. Mr. Bodnar then filed a chapter 11 bankruptcy petition on behalf of the partnership (the "1984 Partnership Bankruptcy Case"). Mr. Erde was unable to secure financing to pay off the interim loan and as a result, he lost everything. The bankruptcy court eventually dismissed the partnership's bankruptcy case.

2.    **Mr. Erde's litigation against the Bodnar Parties**

In April 2001, Mr. Erde filed suit in the California state court against Mr. Bodnar and others (the "2001 State Court Action"). The superior court dismissed the complaint with prejudice, ruling that Mr. Erde's claims were barred by the statute of limitations. Mr. Erde appealed and the court of appeal affirmed the dismissal in September 2002.

In February 2003, Mr. Erde filed a nearly identical lawsuit in district court against the same defendants (the "2003 District Court Action"). The district court dismissed Mr. Erde's complaint with prejudice, and Mr. Erde appealed. The Ninth Circuit affirmed, holding that Mr. Erde was attempting to relitigate the same claims he brought in a prior action against the same defendants.

In June 2006, Mr. Erde filed another complaint in state court against the same defendants (the "2006 State Court Action"). He essentially alleged the same causes of action as the prior cases. The superior court dismissed

4

the complaint with prejudice, holding that the issues had been litigated and finally determined. Mr. Erde appealed, and the court of appeal affirmed the decision in April 2008.

In September 2009, Mr. Erde attempted to resurrect the 2006 State Court Action by arguing that he had been suffering from a "severe condition of mental derangement" for the prior three decades and should be allowed to relitigate all issues. The superior court denied the motion and granted the defendants' motion to declare Mr. Erde a vexatious litigant. Mr. Erde appealed, and the court of appeal affirmed.

Two years later, Mr. Erde returned to the superior court and filed a motion for a new trial, a motion for declaratory relief, a motion to strike the vexatious litigant order, and a motion to void the vexatious litigant order. The superior court denied all requested relief.

### 3. Mr. Erde's 2009 bankruptcy case and further proceedings against the Bodnar Parties

In 2009, Mr. Erde filed a personal chapter 11 petition (the "2009 Bankruptcy Case"). He also initiated sixteen adversary proceedings, two of which were against the Bodnar Parties (the "2009 Adversaries").

Mr. Erde sought turnover of alleged partnership property in the possession of the Bodnar Parties and damages against the Bodnar Parties caused by the filing of the 1984 Partnership Bankruptcy Case. The Bodnar Parties filed motions to dismiss the two adversaries and argued that

Mr. Erde's claims had already been decided against him multiple times in state and federal courts.

The bankruptcy court ruled that the claims asserted by Mr. Erde arose in 1984 and because Mr. Erde had filed two intervening bankruptcy cases in 1985 and 1996, the claims were unadministered assets of his prior bankruptcy estate. The bankruptcy court dismissed the 2009 Adversaries with prejudice. Mr. Erde filed a motion for reconsideration, which the court denied.

### 4. The 2012 motion to reopen the 1984 Partnership Bankruptcy Case

In October 2012, Mr. Erde filed a motion to reopen the 1984 Partnership Bankruptcy Case. The bankruptcy court denied the motion because the issues had been repeatedly litigated in state and federal court.

Mr. Erde next filed a motion to alter or amend the order dismissing the 1984 Partnership Bankruptcy Case, which the bankruptcy court also denied. On appeal, the district court affirmed and denied Mr. Erde's subsequent motion for reconsideration.

Mr. Erde filed a request for leave to file a motion for sanctions against Mr. Bodnar's attorneys which the district court denied. Mr. Erde then filed another motion to amend the final judgment and a request to refer the matter to the United States Attorney for criminal investigation. The district court denied Mr. Erde's requested relief and declared him a vexatious

litigant. It required him to seek permission before filing any further documents related to his dispute with Mr. Bodnar over the development deal.

### 5. The 2015 motion to reopen the 2009 Bankruptcy Case

In March 2015, Mr. Erde filed a motion to reopen his 2009 Bankruptcy Case to amend the schedules and administer unlisted assets which consisted of his purported share of the partnership's assets. The court denied the motion, denied Mr. Erde's motion for reconsideration, and denied Mr. Erde's resubmitted motion to reopen the case. The district court and the Ninth Circuit affirmed.

### B. Erde's 2018 bankruptcy case and the present adversary proceeding

Mr. Erde initiated his fifth[4] bankruptcy case in 2018 (the "2018 Bankruptcy Case") by filing a chapter 11 petition, pro se.

He again filed an adversary proceeding against the Bodnar Parties alleging that Mr. Bodnar concealed assets in the 1984 Partnership Bankruptcy Case. Mr. Erde sought a declaration that he was entitled to 50% of the partnership's assets, and that the order dismissing the 1984 Partnership Bankruptcy Case was void ab initio.

### 1. The motion for default judgment

Mr. Erde filed a motion for default judgment on his complaint, which the court denied. In addition to defective service, the bankruptcy court held

---

[4] Mr. Erde also initiated a short-lived chapter 13 bankruptcy in 2014.

that the claims in the complaint were barred by issue and claim preclusion because they were identical to the claims alleged in the 2009 Adversaries. The court also held that the claims and allegations were identical to, and arose out of, the same alleged transactions as set forth in prior civil suits filed by Mr. Erde against the Bodnar Parties in the 2001 State Court Action, the 2003 District Court Action, and the 2006 State Court Action. The court noted that Mr. Erde made the same claims in his attempts to reopen the 1984 Partnership Bankruptcy Case and in his motion to reopen the 2009 Bankruptcy Case.

### 2. The order to show cause

The bankruptcy court then issued an order to show cause why the adversary proceeding should not be dismissed with prejudice and why Mr. Erde should not be declared a vexatious litigant. The court attached as exhibits the California court of appeals decision affirming the superior court's decision in the 2006 State Court Action, and the district court ruling affirming the bankruptcy court's order denying Mr. Erde's motion to reopen the 2009 Bankruptcy Case. Each of these rulings detailed Mr. Erde's prior litigation efforts against the Bodnar Parties.

Mr. Erde responded that the order dismissing the 1984 Partnership Bankruptcy Case was void because he did not receive notice of the order to dismiss. He also asserted that the unscheduled partnership assets remained assets of the 1984 Partnership Bankruptcy Case estate and all state court

8

decisions affecting those assets were therefore also void for lack of jurisdiction. Mr. Erde argued that he was not a vexatious litigant because he was motivated by a good faith belief that his claims were meritorious.

Mr. Erde also objected to the two rulings which the court attached as exhibits, on the basis that they did not address the omitted partnership assets or the issue of whether Mr. Erde received notice of the 1984 Partnership Bankruptcy Case and dismissal.

### 3. The bankruptcy court ruling

The bankruptcy court overruled Mr. Erde's objection and dismissed the case with prejudice. The court noted that Mr. Erde did not appeal the order denying default judgment and as a result there were no proceedings left in which Mr. Erde could obtain a judgment. The court also held that all of the claims and allegations in the adversary complaint were litigated to final orders in prior proceedings and therefore the claims were barred by issue and claim preclusion.

The bankruptcy court determined Mr. Erde to be a vexatious litigant after applying the factors set forth in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). Based on the vexatious litigant holding, the court enjoined Mr. Erde from filing or continuing any claim for relief against the Bodnar Parties without first filing a motion for permission and obtaining a court order.

The vexatious litigant order required that any motion for permission

9

must include: (1) a copy of the vexatious litigant order; (2) a notice of hearing on a date available on the court's calendar with at least twenty-one days' notice; and (3) a declaration setting forth admissible evidence to establish that the requested relief is not frivolous, harassing, or a claim which had been previously ruled upon. Mr. Erde timely appealed.

**4. The motions for permission to file motion to vacate order**

Mr. Erde filed a motion in the main case to vacate the order dismissing the 1984 Partnership Bankruptcy Case and to consolidate that case with the 2018 Bankruptcy Case. The bankruptcy court determined that Mr. Erde's goal was "to find a procedural pathway to reach the partnership assets that Erde believes are still property of the 1984 Partnership Bankruptcy Case and cause those alleged assets to be administered in his current chapter 11 case."

The court stated that Mr. Erde's argument that the assets remained in the 1984 Partnership Bankruptcy Case estate was legally flawed and that there was no legal authority to allow the bankruptcy court in Mr. Erde's personal case to vacate the partnership dismissal order while another court still presided over the partnership case. However, the bankruptcy court denied the motion on the basis that Mr. Erde had sought the same relief in his 2012 motion to reopen the 1984 Partnership Bankruptcy Case.

The bankruptcy court stated that Mr. Erde's 2012 motion to reopen the 1984 Partnership Bankruptcy Case was essentially a motion to vacate

10

the order dismissing that case in the hopes of administering the partnership assets in bankruptcy court. The motion to vacate was therefore barred by claim preclusion and issue preclusion. Mr. Erde appealed, and we affirmed.[5]

Mr. Erde then filed a similar motion in the adversary proceeding, this time seeking permission to file the motion to vacate in the partnership case. The bankruptcy court denied the motion because the relief Mr. Erde sought was the same relief he sought in the motion filed in the administrative case, which the court had already denied.

Mr. Erde filed a second motion for permission in the adversary case again seeking to file a motion to vacate the order dismissing the 1984 Partnership Bankruptcy Case. Mr. Erde argued that the relief was not barred by claim preclusion or issue preclusion because no court had previously entered a final judgment on the merits of his core argument—that the order dismissing the 1984 Partnership Bankruptcy Case was void because Mr. Erde did not receive notice of the order in violation of his due process rights.

The bankruptcy court denied the motion on the basis that the main case was dismissed in February 2019 and therefore all pending motions were moot, including the second motion for permission. The court also concluded that Mr. Erde failed to establish that the second motion for

_____

[5] See BAP No. CC-19-1023-STaL (9th Cir. BAP Nov. 12, 2019).

11

permission was not frivolous or harassing and adopted its findings and conclusions from its order denying the first motion for permission.

### 5. The motion for permission to file motion to alter or amend

Mr. Erde then filed a motion for permission to file a motion to alter or amend the order denying his second motion for permission to file a motion to vacate the order dismissing the 1984 Partnership Bankruptcy Case. He argued that the court erred in ruling that the second motion for permission was moot based on the dismissal of the main case. Mr. Erde also reiterated his argument that the motion to vacate the order dismissing the 1984 Partnership Bankruptcy Case was not frivolous and not barred by claim preclusion or issue preclusion. The bankruptcy court denied the motion. Mr. Erde timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court erred in dismissing the adversary proceeding and declaring Mr. Erde a vexatious litigant.

Whether the bankruptcy court erred in denying Mr. Erde's request for permission to file a motion to vacate the 1984 dismissal order.

## STANDARDS OF REVIEW

We review a dismissal of an adversary complaint de novo. *EPD Inv.*

*Co., LLC v. Bank of Am. (In re EPD Inv. Co., LLC)* 523 B.R. 680, 684 (9th Cir. BAP 2015). De novo review requires that we consider the matter as if no decision had been previously rendered. *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)*, 567 B.R. 160, 164 (9th Cir. BAP 2017).

We review the bankruptcy court's decision to impose pre-filing restrictions against a vexatious litigant for an abuse of discretion. *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in the record. *Traffic School.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

### A. The bankruptcy court did not err in dismissing the adversary proceeding.

Mr. Erde's primary argument on appeal is that due to a lack of notice, the order dismissing the 1984 Partnership Bankruptcy Case is void and allegedly concealed partnership assets remain property of the partnership's bankruptcy estate. He contends that the bankruptcy court was required to vacate the void order and allow the partnership's assets to be administered in bankruptcy court.

Mr. Erde argues that the bankruptcy court misapplied claim preclusion and issue preclusion because none of the prior cases involved a

violation of due process and his claims were not actually litigated after a full and fair opportunity for litigation. Mr. Erde's argument is without merit.

**1.  Mr. Erde's complaint is barred by claim preclusion**.

Claim preclusion prohibits relitigation of "any claims that were raised or could have been raised" in a prior action between the same parties or their privies. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Claim preclusion bars relitigation of claims even if they were decided wrongly in prior litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Although claim preclusion is an affirmative defense, the bankruptcy court can dismiss a case sua sponte "where the records of that court show that a previous action covering the same subject matter and parties had been dismissed." *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n.1 (9th Cir. 1958)).

The preclusive effect of federal judgments is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under federal law, claim preclusion requires: (1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

**a.  Identity of claims**

To determine whether there is an identity of claims, we must

14

consider: (1) whether rights or interests established in the prior case would be impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two cases involve infringement of the same right; and (4) whether the two cases arise out of the same transactional nucleus of facts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). The fourth factor is the most important. *Id.*

Although Mr. Erde's legal theories have changed, his claim that he is entitled to 50% of the partnership's purported assets is the same claim he made in the 2009 Adversaries, the 2012 motion to reopen the 1984 Partnership Bankruptcy Case, and the 2015 motion to reopen the 2009 Bankruptcy Case.

The rights of the Bodnar Parties have been established in prior cases and would be impaired by prosecution of the present adversary proceeding. Mr. Erde relies on the same evidence and argues the same infringement of his rights, that he was deprived by the Bodnar Parties of half of the partnership assets. All of his claims arise out of the same transactional nucleus of facts. There is an identity of claims and the first element of claim preclusion is satisfied.

### b.      Final judgment and same parties

The second and third elements are also satisfied because in the prior litigation efforts, Mr. Erde either sought relief directly against the Bodnar

15

Parties or sought to recover and administer 50% of the partnership assets which he alleged were in the possession of the Bodnar Parties. Final judgments were entered on the claims in each of the prior cases, and those judgments were either affirmed or not appealed. The claims asserted by Mr. Erde are barred by claim preclusion, and the bankruptcy court did not err in dismissing the complaint.

**B.    The bankruptcy court did not err in determining Mr. Erde to be a vexatious litigant.**

Mr. Erde argues that his litigation was not abusive, and the bankruptcy court erred in determining that he is a vexatious litigant because his claims were meritorious. We disagree.

Bankruptcy courts have inherent authority to impose sanctions to deter vexatious litigation. *See Dyer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003) ("The inherent sanction authority allows a bankruptcy court to deter . . . improper litigation tactics."); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996) ("[B]ankruptcy courts have the inherent power to sanction vexatious conduct presented before the court.").

The Ninth Circuit has held that before a court can declare a litigant vexatious and impose pre-filing restrictions, it must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including

16

"a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990). The first two factors are procedural and the second two are substantive. *Id.*

In applying the substantive factors, courts must consider:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1058 (9th Cir. 2007).

The bankruptcy court gave Mr. Erde notice and an opportunity to oppose the vexatious litigant order by issuing the order to show cause and conducting a hearing. It also compiled a list of prior actions initiated by

Mr. Erde against the Bodnar Parties and attached two rulings which meticulously described his litigation history.

The bankruptcy court then made substantive findings that Mr. Erde's litigation was frivolous and harassing because Mr. Erde's effort to obtain 50% of the alleged partnership assets had been previously ruled upon in several prior cases and was barred by claim preclusion.

Finally, the bankruptcy court limited its pre-filing order to causes of action against the Bodnar Parties and permitted Mr. Erde to obtain permission to file actions that were demonstrably not vexatious and not barred by claim preclusion or issue preclusion.

The bankruptcy court did not err in determining Mr. Erde to be a vexatious litigant or in establishing the pre-filing procedures.

**C.** **The bankruptcy court properly denied the motion for permission**.

Mr. Erde argues that the bankruptcy court did not have discretion to refuse to vacate a void order and therefore, the court was required to allow Mr. Erde to file a motion to vacate the dismissal of the 1984 Partnership Bankruptcy Case. Again, we disagree.

Mr. Erde's second request for permission does not satisfy the pre-filing conditions imposed in the vexatious litigant order because the relief sought is barred by claim preclusion. Mr. Erde's 2012 motion to reopen the 1984 Partnership Bankruptcy Case was essentially an attempt to vacate the dismissal order and administer alleged partnership assets. That motion

18

was denied and affirmed on appeal.

Mr. Erde also filed a motion to vacate the 1984 dismissal order in his main case. That motion was denied and affirmed on appeal. His adversary complaint also included a claim that the order dismissing the 1984 Partnership Bankruptcy Case was void ab initio. That complaint was dismissed with prejudice.

Mr. Erde did not establish that his motion to vacate was a request for relief which had not been claimed, requested, or ruled on by prior courts, and therefore he did not satisfy the conditions of the vexatious litigant order. The bankruptcy court correctly denied him permission to file the motion to vacate.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order dismissing the adversary complaint with prejudice, determining Mr. Erde to be a vexatious litigant, and imposing pre-filing requirements. We also AFFIRM the bankruptcy court's order denying Mr. Erde permission to file a motion to vacate the 1984 Partnership Bankruptcy Case.